UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-cr-0060-JPH-DLP |
| | ) | |
| PETER BROWN, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable James P. Hanlon, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on July 22, 2020, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on August 20, 2020, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On August 20, 2020, defendant Peter Brown appeared in person with his appointed counsel, Sam Ansell. The government appeared by Jeremy Morris, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Angela Smith, who participated in the proceedings.

---

[1]   All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Brown of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Brown questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Brown and his counsel, who informed the court they had reviewed the Petition and that Mr. Brown understood the violations alleged. Mr. Brown waived further reading of the Petition.

3. The court advised Mr. Brown of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Brown was advised of the rights he would have at a preliminary hearing. Mr. Brown stated that he wished to waive his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4. The court advised Mr. Brown of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Brown, by counsel, stipulated that he committed Violation Numbers 1 and 2 set forth in the Petition as follows:

**Violation**
**Number      Nature of Noncompliance**

| | | |
|---|---|---|
| 1 | | **"You shall be monitored by mobile alcohol monitoring, such as Soberlink, for a period of up to 6 months, to commence upon release from the Residential Reentry Center, and shall abide by the technology requirements."** |

Since being placed on the Soberlink device on May 12, 2020, Mr. Brown has missed or submitted a late test on 36 occasions.

| | | |
|---|---|---|
| 2 | | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On June 30, 2020, Mr. Brown submitted a drug test that was positive for amphetamines. He later admitted to using ecstasy to produce the positive result.

6. The Court placed Mr. Brown under oath and directly inquired of Mr. Brown whether he admitted violations 1 and 2 of his supervised release set forth above. Mr. Brown admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Brown's criminal history category is II.

   (c) The range of imprisonment applicable upon revocation of Mr. Brown's supervised release, therefore, is 6 - 12 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties jointly recommended a modification to include home detention with GPS monitoring for one hundred and eighty (180) days. The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, PETER BROWN, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED** to include one hundred and eighty (180) days of home detention with GPS monitoring. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. Justification: This condition is an administrative requirement of supervision.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer. Justification: This condition is an administrative requirement of supervision.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right of consent, and shall permit confiscation of any contraband observed in plain view of the probation officer. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.  Justification: This condition is an administrative requirement of supervision

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.  Justification: This condition is an administrative requirement of supervision.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.  Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer. Justification: This condition is an administrative requirement of supervision.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

    Justification: This condition will ensure the defendant maintains gainful employment and reduce the risk of recidivism.

11. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

12. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: This condition will address the defendant's history of substance abuse.

13. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage. Justification: This condition will address the defendant's history of substance abuse.

14. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods. Justification: This condition will help ensure compliance with a drug-free lifestyle.

15. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e. g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a persons' physical or mental functioning, whether or not intended for human consumption. Justification: This condition will address the defendant's history of substance abuse.

16. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

Defendant Brown reviewed the foregoing conditions and they were reviewed by defendant with his attorney.  Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The Defendant is to be released on modified conditions of supervised release pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Brown stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Brown entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Brown's supervised release to include one hundred and eighty (180) days of home detention with GPS monitoring. The Defendant is to be released pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 8/24/2020

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system