UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-cr-0060-JPH-DLP |
| | ) | |
| PETER BROWN, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable James Patrick Hanlon, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on October 15, 2020, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on October 16, 2020, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On October 27, 2020, defendant Peter Brown appeared in person with his appointed counsel, Mike Donahoe. The government appeared by Jeremy Morris, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Angela Smith, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Brown of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Brown questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition had been provided to Mr. Brown and his counsel, who informed the court they had reviewed the Petition and that Mr. Brown understood the violations alleged. Mr. Brown waived further reading of the Petition. The court summarized the allegations.

3. The court advised Mr. Brown of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Brown was advised of the rights he would have at a preliminary hearing. Mr. Brown waived his right to a preliminary hearing.

4. The court advised Mr. Brown of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Brown, by counsel, stipulated that he committed Violation Numbers 1, 2, and 3 set forth in the Petition as follows:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"You shall be monitored by mobile alcohol monitoring, such as Soberlink, for a period of up to 6 months, to commence upon release from the Residential Reentry Center, and shall abide by the technology requirements."** |
| | Mr. Brown missed and submitted late alcohol tests on the following dates: August 27, September 4, 8, 13, 16, 17, 19, and 29, 2020. All test results returned negative for alcohol. |
| 2 | **"You shall not use or possess alcohol."** |
| | Mr. Brown submitted a urinalysis on October 6, 2020, which returned positive for alcohol. The test was confirmed positive for alcohol. |
| 3 | **"You must refrain from any unlawful use of a controlled substance."** |
| | Mr. Brown submitted a urinalysis on October 6, and 14, 2020, which returned positive for cocaine. |

6. The court placed Mr. Brown under oath and directly inquired of Mr. Brown whether he admitted violations 1, 2, and 3 of his supervised release set forth above. Mr. Brown admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 3) is a Grade B violation (U.S.S.G. § 7B1.1(b)).

   (b) Mr. Brown's criminal history category is II.

   (c) The range of imprisonment applicable upon revocation of Mr. Brown's supervised release, therefore, is 6 - 12 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The government argued for a sentence of twenty-four (24) months with no supervised release to follow. The defendant argued for a lesser sentence. The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and

position of each party and the USPO, **NOW FINDS** that the defendant, PETER BROWN, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no supervised release to follow.

The parties were advised at the hearing and are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Brown's supervised release, imposing a sentence of imprisonment of twelve (12) months and one (1) day with no supervised release to follow.

IT IS SO RECOMMENDED.

Date: 11/12/2020

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system